Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Phone: 323-306-4234
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HARRY JHUN EDQUID, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CARMAX BUSINESS SERVICES, LLC, d/b/a CARMAX AUTO FINANCE, and DOES 1-100, and EACH OF THEM, Defendants.<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1) Telephone Consumer Protection Act, 47 U.S.C. § 227(b)**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. HARRY JHUN EDQUID ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of CARMAX BUSINESS SERVICES, LLC, d/b/a CARMAX AUTO FINANCE ("Defendant"), its related entities, subsidiaries, and

agents, in placing telephone calls using an artificial or prerecorded voice to the cellular telephones of Plaintiff and members of the Class, without their prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA prohibits any person from making any call, other than a call made for emergency purposes or made with the prior express consent of the called party, using an automatic telephone dialing system or an artificial or prerecorded voice, to any telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(3). Absent the prior express consent of the person actually called, or an applicable exemption, the prohibition applies regardless of the purpose of the call.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically the TCPA, 47 U.S.C. § 227.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District, including Plaintiff's receipt of Defendant's unlawful prerecorded telephone calls and voicemail messages on his cellular telephone while he was located in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(c)(2) because Defendant is subject to personal jurisdiction in this District with respect to this action. Defendant transacts business in California and purposefully directed its prerecorded calls to Plaintiff's California-based cellular telephone number, and therefore resides in this District for venue purposes.

///

///

## PARTIES

5. Plaintiff is a natural person residing within the County of Riverside.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant CarMax Business Services, LLC is, and at all relevant times was, a limited liability company with its principal place of business in Richmond, Virginia. Defendant does business under the fictitious business name and trade name "CarMax Auto Finance." Plaintiff is further informed and believes, and thereon alleges, that Defendant provides and services consumer automobile financing, and that it regularly conducts business nationally, including placing telephone calls, using an artificial or prerecorded voice, to consumers' cellular telephones throughout the United States, including to Plaintiff and members of the Class in this District. The prerecorded messages at issue in this action identify the caller as "CarMax Auto Finance," direct the recipient to return the call at 1-800-337-3612, and provide a mailing address of PO Box 440-609, Kennesaw, Georgia 30160.

7. The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this action to reflect the true names and capacities of the DOE Defendants when such identities become known.

8. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

9. At all times relevant, Plaintiff was the regular user of the personal cellular telephone number (951) 317-7968 (the "Cellular Telephone"), which is assigned to a cellular telephone service provided by AirTalk Wireless. Plaintiff has had the Cellular Telephone and its telephone number for approximately two years.

10. Beginning approximately one year before the filing of this action, Plaintiff began receiving repeated telephone calls on the Cellular Telephone from telephone number (770) 308-1491. Plaintiff is informed and believes, and thereon alleges, that this number is used by or on behalf of Defendant, as confirmed by the voicemail messages described below, each of which identifies the caller as "CarMax Auto Finance."

11. Plaintiff saved the voicemail messages that Defendant left on the Cellular Telephone. Between August 19, 2026 and September 19, 2026 alone, Defendant, or an entity acting on Defendant's behalf, left Plaintiff at least twenty-two (22) voicemail messages using an artificial or prerecorded voice, on the following dates: (a) August 19, 2026; (b) August 20, 2026; (c) August 21, 2026; (d) August 22, 2026; (e) August 24, 2026; (f) August 25, 2026; (g) August 26, 2026; (h) August 27, 2026; (i) August 28, 2026; (j) August 29, 2026; (k) August 31, 2026; (l) September 1, 2026; (m) September 3, 2026; (n) September 4, 2026; (o) September 7, 2026; (p) September 8, 2026; (q) September 9, 2026; (r) September 10, 2026; (s) September 12, 2026; (t) September 17, 2026; (u) September 18, 2026; and (v) September 19, 2026.

12. Every one of these voicemail messages played the same prerecorded message, each approximately half a minute in length, which stated in its entirety: "This is a message from CarMax Auto Finance. Please return our call immediately at 1-800-337-3612. We are available to accept your call Monday through Friday, 8 a.m. to 10 p.m. and Saturday, 9 a.m. to 6 p.m. Eastern Time. If you'd like to contact us by mail, our address is PO Box 440-609, Kennesaw, Georgia 30160. Thank you."

13. The message does not identify Plaintiff or any other person by name, does not refer to any account, loan, vehicle, or transaction, and is not personalized to the recipient in any way. The identical, generic content of the message, repeated verbatim on call after call, confirms that Defendant's messages were prerecorded and were not live communications directed to Plaintiff.

14. Defendant's prerecorded voicemail messages were left on the Cellular Telephone on weekdays and Saturdays, including on a federal holiday (Labor Day, September 7, 2026), and on consecutive days, including every day from August 19, 2026 through August 22, 2026, and every day from August 24, 2026 through August 29, 2026.

15. The voicemail messages described above are only those that Plaintiff has documented to date. Plaintiff is informed and believes, and thereon alleges, that Defendant placed additional calls to the Cellular Telephone using an artificial or prerecorded voice, including calls before August 19, 2026 and after September 19, 2026, and that Defendant has continued to place such calls to the Cellular Telephone.

16. Plaintiff has never purchased from, sold to, or requested information from Defendant or CarMax, and has never had a business or contractual relationship with Defendant. Plaintiff never provided the Cellular Telephone number to Defendant or CarMax, and never provided Defendant with prior express consent, in any form, to be contacted on the Cellular Telephone using an artificial or prerecorded voice.

17. Because Plaintiff has never had any relationship with Defendant, Plaintiff is informed and believes, and thereon alleges, that Defendant either was attempting to reach a person other than Plaintiff or placed its calls to the Cellular Telephone without any basis to believe that Plaintiff had consented to receive them.

18. It is Defendant's pattern and practice to use an artificial or prerecorded voice to place calls to cellular telephone numbers without first obtaining, or adequately verifying that it has obtained, the prior express consent of the person actually called,

resulting in calls of the kind described herein being placed to Plaintiff and other similarly situated individuals nationwide.

19. The exemption for calls to residential telephone lines made pursuant to an established business relationship, 47 U.S.C. § 227(b)(1)(B), and the regulations promulgated thereunder, does not apply to Defendant's conduct, as the calls at issue were made to Plaintiff's cellular telephone under 47 U.S.C. § 227(b)(1)(A)(iii), and Plaintiff had no business relationship, established or otherwise, with Defendant of any kind.

20. As a result of Defendant's conduct, Plaintiff and members of the Class suffered invasion of privacy, aggravation, annoyance, and a loss of time spent addressing Defendant's repeated and unwanted prerecorded calls.

## CLASS ALLEGATIONS

21. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (“The Class”).

22. Plaintiff represents, and is a member of, “The Class” pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) defined as follows:

> All persons within the United States (a) to whom Defendant, or a third party acting on Defendant's behalf, placed one or more non-emergency telephone calls, (b) using an artificial or prerecorded voice, (c) to said person's cellular telephone number, and (d) without the recipient's prior express consent, within the four years prior to the filing of this action through the date of class certification.

23. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the exact number of members in the Class, but believes, based on Defendant's nationwide operations and the generic, automated nature of its calling practices, that Class members number at least in the hundreds, if not more, such that joinder of all members is impracticable.

24. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, placed telephone calls using an artificial or prerecorded voice to the cellular telephones of Plaintiff and members of the Class, without their prior express consent, within the four years prior to the filing of this action. Plaintiff and Class members were damaged thereby.

25. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

26. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

1. Whether Defendant used an artificial or prerecorded voice to place calls to cellular telephones;
2. Whether Defendant had a policy or practice of placing such calls to consumers without first obtaining or verifying the prior express consent of the person actually called;
3. Whether Defendant obtained prior express consent before placing such calls to members of the Class;
4. Whether Defendant's conduct constitutes a violation of the TCPA, 47 U.S.C. § 227(b);
5. Whether Plaintiff and the Class are entitled to statutory damages, and in what amount; whether Defendant's violations were knowing or willful so as to support treble damages under 47 U.S.C. § 227(b)(3), and
6. Whether Defendant should be enjoined from engaging in such conduct in the future.

27. Plaintiff's claims are typical of the claims of the Class, as Plaintiff, like every other Class member, received one or more calls from Defendant using an artificial or prerecorded voice to his cellular telephone, without prior express consent.

28. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest antagonistic to any member of The Class. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class members is impracticable, and the statutory damages available to any individual Class member are too small to justify the expense and burden of individual litigation. Absent a class action, Defendant will likely continue its unlawful conduct without remedy, and Class members will have no realistic ability to vindicate their rights.

30. Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(B)

## [BY PLAINTIFF AND THE CLASS MEMBERS AGAINST ALL DEFENDANTS]

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(3).

33. Defendant, or its agents acting on its behalf, placed at least twenty-two (22) telephone calls to Plaintiff's cellular telephone using an artificial or prerecorded voice, as described above, and placed similar calls to members of the Class.

34. Defendant placed said calls without Plaintiff's, or the Class's, prior express consent.

35. Defendant's calls to Plaintiff and the Class were not made for emergency purposes, and no exemption under the TCPA or its implementing regulations applies to Defendant's conduct.

36. Defendant's violations were knowing and/or willful, in that Defendant placed at least twenty-two (22) calls to Plaintiff's cellular telephone over a period of weeks, delivering the same prerecorded message each time, without ever obtaining, or taking any steps to confirm, Plaintiff's prior express consent.

37. As a result of Defendant's violations of the TCPA, Plaintiff and the Class are entitled to recover the greater of their actual monetary loss or statutory damages of $500 for each violation, and the Court may, in its discretion, treble that amount up to $1,500 for each knowing and/or willful violation, pursuant to 47 U.S.C. § 227(b)(3), as well as injunctive relief prohibiting Defendant from further violations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff, The Class members the following relief against Defendant:

a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;
b. For the greater of actual damages or statutory damages of $500 per violation, and up to $1,500 per violation for each knowing and/or willful violation, pursuant to 47 U.S.C. § 227(b)(3), for Plaintiff and each member of The Class;
c. For injunctive relief enjoining Defendant, its agents, and all persons acting in concert with it, from placing further calls using an artificial or

prerecorded voice to the cellular telephones of Plaintiff and The Class without prior express consent;

d. For costs of suit;

e. For prejudgment interest at the legal rate; and

f. For such further relief as this Court deems necessary, just, and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

///

Dated: October 19th, 2026 **THE LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By: *Todd M. Friedman*
TODD M. FRIEDMAN, ESQ.
ATTORNEY FOR PLAINTIFF